David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
DAN C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN C.,<br><br>        Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN; DIRECTORS GUILD OF AMERICA, INC.; and DOES 1 through 10,<br><br>        Defendants. | Case No.<br><br>**PLAINTIFF DAN C.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

      Plaintiff, DAN C. herein sets forth the allegations of this Complaint against Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN; DIRECTORS GUILD OF AMERICA, INC.; and DOES 1 through 10.

//

//

//

//

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) and Section 502 (a) (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendant's improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; and attorneys' fees and costs.

### PARTIES

4. Plaintiff DAN C. is, and at all times relevant was, a resident of California.

5. At all relevant times, DAN C. participated in the DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN ("the Plan"), an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by his employer, Defendant DIRECTORS GUILD OF AMERICA, INC. ("Directors Guild").

6. Mental Health benefits under the Plan were at all relevant times administered by Defendant ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS ("Anthem").

7. Anthem is a health insurance provider authorized to transact and currently transacting the business of insurance in the State of California.

8. Directors Guild was a Plan Administrator.

9. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff. This action involves mental health claims denied by the Plan's mental health claim administrator.

## FACTS

10. The Plan guarantees, warrants, and promises "Mental Health Services" for members and their beneficiaries, including but not limited to: health care services, mental health care, and treatment at issue herein.

11. R.C. is DAN C.'s son, and was, at all relevant times, a beneficiary of the Plan.

12. At all relevant times, the Plan was in full force and effect.

13. The Plan guarantees, promises, and warrants benefits for medically necessary covered health care services.

14. The Plan defines "Medically Necessary" health care services as those that are:
- Consistent with generally accepted medical practice within the medical community for the diagnosis or direct care of symptoms, Sickness or injury of the patient, or for routine screening examination under wellness benefits, where and at the time the treatment, service or supply is rendered (the determination of "generally accepted medical practice" is the prerogative of the Health Plan through consultation with appropriate authoritative medical, surgical, or dental practitioners);
- Ordered by the attending licensed Physician (or, in the case of dental services, ordered by the dentist), and not solely for your convenience, your Physician, Hospital or other health care provider;
- Consistent with professionally recognized standards of care in the medical community with respect to quality, frequency and duration; and
- The most appropriate and Cost-Efficient treatment, service or supply that can be safely provided, at the most Cost-Efficient and medically appropriate site and level of service.

15. The Plan guarantees coverage for inpatient and outpatient treatment of mental health conditions.

16. California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

17. R.C. was born in a poor suburb of Port au Prince Haiti. His mother died suddenly when he was one month old. Over the next six months, he was in the care of various family members who didn't have enough money for formula or a supply of breast milk.

18. R.C. became malnourished and ill and was eventually relinquished to an orphanage. He was adopted by Dan C. and his wife shortly before his third birthday.

19. Early in his childhood, R.C. began displaying problems with anger and explosiveness. On at least one occasion, he punched his sister in the face, drawing blood. He would frequently break things and hit, kick, or throw objects at people. He would threaten violence while brandishing a kitchen knife.

20. R.C. began seeing a therapist to address his behavioral issues. He was eventually diagnosed with trauma-related ADHD, mood disorder, and anxiety.

21. Despite ongoing treatment, including medications and therapy, R.C.'s symptoms worsened. His behavior became increasingly violent, destructive, and dangerous to those around him.

22. At the recommendation of her treatment providers, R.C. was admitted to Intermountain Children's Home ("Intermountain").

23. At all times relevant, R.C.'s treatment at Intermountain was medically necessary, based upon the reasoned medical opinions of his treaters.

24. Plaintiff filed claims for mental health benefits pursuant to the terms of the Plan for R.C.'s treatment at Intermountain.

25. Anthem initially approved three days of R.C.'s treatment at Intermountain, then denied Plaintiff's claims for the remainder of R.C.'s treatment.

26. Plaintiff timely appealed Anthem's denials of R.C.'s claims for treatment at Intermountain.

27. Anthem denied Plaintiff's appeals.

28. Not only were Anthem's denials unreasonable in light of the obvious medical necessity for R.C.'s ongoing mental health care, but the denials also violated the California Mental Health Parity Act, as well as the Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), which alone provided a basis for approving all of the care for F.F. that is at issue herein.

COMPLAINT                                                                                    CASE NO.

29. In denying Plaintiff's claim for care and treatment for R.C. at Intermountain, Anthem, by and through the Plan, used MCG "level of care guidelines" that are unfair and biased against approving claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community.

30. The level of care guidelines used by Anthem, by and through the Plan, to deny R.C.'s care fall below reasonable standards of care in the medical community, as explained by the court in *Wit v. United Behavioral Health*, 2019 WL 1033730 (N.D.Cal. March 5, 2019).

31. Anthem, by and through the Plan, breached the generally accepted standard of care herein by failing to accept and consider that treatment is not limited to simply alleviating an individual's current mental health symptoms, and by ignoring and failing to consider the long-term, chronic nature of R.C.'s mental health needs.

32. Anthem, by and through the Plan, breached the generally accepted standard of care herein by failing to accept and consider that effective treatment of co-morbid, or co-occurring behavioral health disorders requires consideration of the interaction of these disorders, and the implications of these disorders on determining the proper and appropriate level of care.

33. Anthem, by and through the Plan, breached the generally accepted standard of care herein by failing to accept and consider that where there is ambiguity over the proper level of care, that practitioners should err on the side of caution and should place patients in the higher level of care.

34. Anthem, by and through the Plan, breached the generally accepted standard of care herein by improperly focusing on acute symptomology and failing to consider that the same level of care is needed when an acute crisis has passed, and by failing to consider the likelihood of regression and risk of further acute symptomology.

35. Anthem's use, by and through the Plan, of insurer-generated, proprietary guidelines violated the California Mental Health Parity Act.

36. As a result, Plaintiff was forced to pay for R.C.'s care and treatment at Intermountain from his own personal funds.

37. Plaintiff has exhausted all administrative remedies regarding the denial of R.C.'s mental health benefits.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**Recovery of Benefits Due Under an ERISA Benefit Plan**
**(Against ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN; DIRECTORS GUILD OR AMERICA, INC.; DOES 1-10; Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))**

38. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

39. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

40. At all relevant times, Plaintiff and his son R.C. were insured under the health care plan at issue herein, and Plaintiff's son R.C. met the covered health services and medical necessity criteria for treatment required under the terms and conditions of the Plan.

41. By denying Plaintiff's mental health claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

42. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(against Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN; DIRECTORS GUILD OR AMERICA, INC.; DOES 1-10)**

43. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

44. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Policy, disposition of Plan assets, and administration of the Policy.

45. Plaintiff asserts that a claim for benefits due under the Policy does not provide him with an adequate remedy at law in light of Defendants' continuing course of conduct in violating the terms of the Policy and applicable law as described below.

46.     ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

47.     ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

48.     ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

49.     In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

50.     At all material times herein, Defendants, and each of them, violated these duties by, *inter alia,* the following:

    A.     Consciously, unreasonably, intentionally, and without justification, failing to disclose to plan participants their use of MCG "level of care guidelines" that are unfair and biased against approving claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community;

    B.     Consciously, unreasonably, intentionally, and without justification, violating California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

    C.     Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly

and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

D.      Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for mental health care benefits;

E.      Consciously and unreasonably refusing to pay benefits based upon a claimed failure by its insureds to complete an appeal within time constraints, with full knowledge that its insureds were not provided with a denial letter that triggered the beginning of the time constraint;

F.      Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

G.      Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

H.      Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims; and

I.      Using medical directors who have no training, expertise or Board Certification in mental and or behavioral health to deny mental health claims and opine on medical necessity; and or having said medical directors farm out all mental health decision-making to third party reviewers, and then rubber-stamping the opinions of said third party reviewers with no independent review, oversight or medical expertise;

J.      Contracting with third-party reviewers, including but not limited to the entity referred to as Medical Review Institute of America ("MRI") who has a direct financial incentive to deny legitimate claims; paying thousands if not tens of thousands of dollars

per year, or more, to said third-party reviewers, including regular direct deposits into the third-party reviewer bank accounts; but conducting no oversight or quality control into said third-party reviewers;

K.	Using third-party medical reviewers such as MRI who have a pattern and practice of denying medically necessary mental health treatment, such as at issue herein; and

L.	Repeatedly and consistently denying mental health claims involving residential treatment facilities improperly and for the financial gain of the DGA.

51.	As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants were not entitled.

52.	Plaintiff further requests judgment permanently enjoining Defendant Anthem Blue Cross Life and Health Insurance Company dba Anthem Blue Cross from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and cost; and enjoining the Plan from using level of care guidelines that fall below reasonable standards in the medical community, either as written or as applied, or both. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of R.C.'s treatment at Intermountain. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

## PRAYER FOR RELIEF

### AS TO ALL DEFENDANTS

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

53.	Declare that Defendants, and/or each of them, violated the terms of the Plan by failing to provide mental health benefits;

54. Order Defendants, and/or each of them, to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

55. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

56. Order that Defendant cease using its current level of care guidelines to evaluate claims involving mental health treatment;

57. Order that, to the extent Defendant evaluates mental health claims using level of care guidelines, that it use publicly available level of care guidelines;

58. Order that, to the extent Defendant uses level of care guidelines to evaluate mental health claims, that Defendant provide copies of the guidelines to all claimants whose claims are denied, along with the specific section(s) of the guidelines it relied upon;

59. Order that each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

60. For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(2) and (a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

61. Removal of Anthem Blue Cross Life and Health Insurance Company dba Anthem Blue Cross as a Plan fiduciary;

62. For surcharge relief;

63. An injunction against further denial of Plaintiff's benefits pursuant to 29 U.S.C. §§ 1132(a)(3);

64. Provide such other relief as the Court deems equitable and just.

//
//
//
//

| | |
|---|---|
| Dated: February 17, 2022 | Respectfully submitted,<br><br>**DL LAW GROUP**<br><br>By: */s/ David M. Lilienstein*<br>David M. Lilienstein<br>Katie J. Spielman<br>Attorneys for Plaintiff, DAN C. |